**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-00935-CMA-KLM

DAVID WAYNE ROBINSON,

      Plaintiff,

v.

MIKE GALLEGOS,
HANA S. RUIZ,
DAVID BRIGGS,
SGT. LUSK,
SGT. S. P. ZARNOW, and
JAIME KAFATI, Captain,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER JUDGMENT (Doc. # 70),
AFFIRMING IN PART AND REJECTING IN PART THE RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE (Doc. # 63), AND STAYING THE CASE
PENDING THE RESOLUTION OF STATE CRIMINAL PROCEEDINGS**

---

This matter is before the Court on several submissions filed *pro se* by Plaintiff,

David Wayne Robinson, including his Notice of Receipt re: Recommendation of United

States Magistrate Judge ("Notice of Receipt") (Doc. # 68), Objection to Report and

Recommendations ("Objection") (Doc. # 69), and Motion to Alter Judgment (Doc. # 70).

Plaintiff filed his Notice of Receipt and Objection within days of the Court entering the

Order Adopting Recommendation of United States Magistrate Judge (Doc. # 66) and

Final Judgment (Doc. # 67).

The Court must construe the Notice of Receipt, Objection, Motion to Alter Judgment, and other papers filed by Plaintiff liberally because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

For the following reasons, the Court will treat Plaintiff's filings as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). The Court grants Plaintiff's request for reconsideration and vacates the Order Adopting Recommendation of United States Magistrate Judge (Doc. # 66) and the Final Judgment (Doc. # 67).

The Court reviews *de novo* the Recommendation of United States Magistrate Judge ("Recommendation") (Doc. # 63), wherein Magistrate Judge Kristen L. Mix recommends that this Court grant Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), Or Alternatively, to Stay Pursuant to the *Younger* Doctrine ("Motion to Dismiss or Stay") (Doc. # 52) and deny Plaintiff's Motion to Supplement Pleading to Amended Complaint (Doc. # 60). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Court affirms in part and rejects in part the Recommendation and orders the case stayed pending the resolution of Colorado state criminal proceedings.

## I.      BACKGROUND

Plaintiff, David Wayne Robinson, commenced this action under 28 U.S.C. § 1983 on April 20, 2018. (Doc. # 1.) He alleges various civil rights violations stemming from the circumstances of his stop and arrest by the Denver Police Department on February 27,

2018, including the detention, search, and impoundment of his vehicle. (*Id.*)

On July 17, 2018, the instant case was stayed and administratively closed pending the resolution of state criminal proceedings. (Doc. # 19.) In the pertinent state criminal case, Plaintiff was found guilty of burglarizing a building in violation of Colo. Rev. Stat. § 18-4-203(1), a class 4 felony, and possession of burglary tools in violation of Colo. Rev. Stat. § 18-4-205(1), a class 5 felony. (Doc. # 52-3.) He appealed his conviction to the Colorado Court of Appeals on November 20, 2018 (Doc. # 52-4.)

While the state criminal case was pending on appeal, Plaintiff filed a Motion to Reopen and Reconsider Case in the instant case. (Doc. # 27.) He asserted that "[a]ll cases—charges—complaints—indictments—informations have been dismissed and there is nothing pending." (*Id.* at 1.) The Court thereby granted Plaintiff's Motion to Reopen and Reconsider Case. (Doc. # 34.) Upon the Court's order, Plaintiff filed an Amended Prisoner Complaint (Doc. # 35) on July 16, 2020, again alleging civil rights violations during the February 27 stop and arrest and requesting damages.

On August 13, 2020, Magistrate Judge Gordon P. Gallagher issued a Recommendation of United States Magistrate Judge (Doc. # 40) recommending that the Amended Prisoner Complaint (Doc. # 35) be dismissed in part and drawn to a presiding judge in part. Plaintiff objected (Doc. # 41), and the Court overruled the objection and adopted Judge Gallagher's recommendation on September 3, 2020 (Doc. # 43).

Defendants filed the instant Motion to Dismiss or Stay on November 9, 2020. (Doc. # 52.) They argue that the case should be dismissed or stayed because, contrary to Plaintiff's representations in his Motion to Reopen and Reconsider Case (Doc. # 27),

a related state criminal case is still pending at the Colorado Court of Appeals.

**A.    PROCEDURAL HISTORY OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Court referred Defendants' Motion to Dismiss or Stay to Magistrate Judge Kristen L. Mix on November 9, 2020. (Doc. # 53.) The Motion was fully briefed. *See* (Doc. ## 54, 55.) Plaintiff also filed a Motion to Supplement Pleading to Amended Complaint (Doc. # 60), which the Court similarly referred to Judge Mix (Doc. # 61.)

On July 9, 2021, Judge Mix issued the instant Recommendation (Doc. # 63), wherein she recommends that the Court grant Defendants' Motion to Dismiss or Stay (Doc. # 52) pursuant to the *Younger* abstention doctrine and deny Plaintiff's Motion to Supplement Pleading to Amended Complaint (Doc. # 60).

The Recommendation advised the parties that specific written objections were due within 14 days after being served with a copy of the Recommendation. (Doc. # 63 at 18.) After neither party objected during the requisite time period, the Court entered the Order Adopting Recommendation of United States Magistrate Judge (Doc. # 66) on August 3, 2021, and dismissed the case without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).[1] The Court entered the Final Judgment on the same day. (Doc. # 67.)

Two days later, on August 5, 2021, Plaintiff filed his Notice of Receipt (Doc. # 68) and informed the Court of his intention to object to the Recommendation. He subsequently filed his Objection (Doc. # 69) on August 11, 2021, and his Motion to Alter Judgment (Doc. # 70) on September 15, 2021. Plaintiff argues that his Objection was

---

[1] During the period between the Recommendation and the Court's August 3 order, Plaintiff submitted a Notice of Change of Address on July 28, 2021. (Doc. # 65.)

4

timely and requests that the Court reconsider the August 3 Order and review the Recommendation *de novo*. (Doc. # 70.)

## II.    LEGAL STANDARDS

### A.    FEDERAL RULE OF CIVIL PROCEDURE 59(e)

A litigant subject to an adverse judgment who seeks reconsideration by the district court may file a motion "to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed no later than 28 days after the judgment is entered. *See* Fed. R. Civ. P. 59(e); *Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). "Rule[59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).

There are three basic grounds upon which a motion for reconsideration may be granted: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate to correct clear error or prevent manifest injustice "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion should not revisit issues already addressed or advance arguments that could have been raised previously. *Id.*

**B.      REVIEW OF A RECOMMENDATION**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

**III.      <u>DISCUSSION</u>**

Plaintiff requests that the Court accept his Objection as timely and reconsider the August 3 Order Adopting Recommendation of United States Magistrate Judge (Doc. # 66) and Final Judgment (Doc. # 67). In support, Plaintiff asserts (1) he "timely filed for change of address," (2) the Recommendation was sent to Four Mile Correctional Facility and was "not delivered to [him] by the time [he] was moved to transport" on July 15, 2021, (3) he received the Recommendation at his new address at Buena Vista Correctional Facility on July 30, 2021, and promptly notified the court of his intention to object, and (4) he filed his Objection on August 11, 2021, within 14 days of when he

received the Recommendation. (Doc. # 70.) Plaintiff now asks this Court to reconsider and review the Recommendation *de novo* in light of his Objection. (*Id.* at 3.)

Plaintiff's Notice of Receipt and Objection were filed within 28 days of the Court's August 3 Order and Final Judgment. Therefore, his submissions will be construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Based on Plaintiff's representations, the Court will address the substance of his Objection to the Recommendation.

## A.    THE RECOMMENDATION

In her Recommendation, Judge Mix first concludes that the three conditions for *Younger* abstention are satisfied in this case. (Doc. # 63 at 10–12); *see Younger v. Harris*, 401 U.S. 37 (1971); *Amantullah v. State Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." (internal quotation marks omitted)). Judge Mix finds that there continues to be a related state criminal proceeding pending at the Colorado Court of Appeals and that Plaintiff's representation in his Motion to Reopen and Reconsider Case (Doc. # 27) that "there is nothing pending" in this case appears to have been false. (Doc. # 63 at 3). She further finds that the state court provides an adequate forum for Plaintiff's claims and Colorado has an indisputable interest in enforcing its criminal laws in the state's courts. (*Id.* at 12.)

7

Next, Judge Mix determines that this case presents no extraordinary or special circumstances justifying an exception from *Younger* abstention because Plaintiff does not demonstrate that he faces an irreparable injury that is both great and immediate. (*Id.* at 16); *see Younger*, 401 U.S. at 46. She rejects Plaintiff's assertion that the presumption of abstention is overcome in this case because Defendants harassed him or prosecuted him in bad faith without hope of obtaining a conviction. (Doc. # 63 at 13–16); *see Phelps v. Hamilton*, 122 F.3d 885, 889 (1997) ("There are three factors that courts have considered in determining whether a prosecution is commenced in bath faith or to harass: (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions."). Accordingly, Judge Mix concludes that the Court lacks jurisdiction to adjudicate Plaintiff's claims and recommends that the Court grant Defendants' Motion to Dismiss or Stay (Doc. # 52) and dismiss the case without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. # 63 at 16.)

Finally, Judge Mix recommends that Plaintiff's Motion to Supplement Pleading to Amended Complaint (Doc. # 60) be denied because it is not a proper supplemental pleading under Rule 15(d). (Doc. # 63 at 17–19.)

**B.     PLAINTIFF'S OBJECTION**

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059– 60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

In the instant case, Plaintiff's Objection is largely a rehash of his arguments from his Objection Response to Defendant's Motion to Dismiss or Stay (Doc. # 54) and his earlier pleadings, *see* (Doc. # 35). Plaintiff asserts that he "object[s] to all of [Judge Mix's] Recommendations," but he does not address significant aspects of the Recommendation, including Judge Mix's conclusion that Plaintiff has not established extraordinary circumstances justifying an exception to *Younger* abstention. *See* (Doc. # 69 at 18.) Plaintiff uses much of his Objection to argue the merits of his claims instead of identifying specific objections to Judge Mix's analysis on abstention.

Nevertheless, the Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's Objection. Based on this *de novo* review, the Court concludes that Judge Mix's recommendations—that Defendants' Motion to Dismiss or Stay (Doc. # 52) should be granted and Plaintiff's Motion to Supplement Pleadings (Doc. # 60) should be denied—are correct and are not called into question by Plaintiff's Objection. However, the Court believes it is more

appropriate to stay the case pending the resolution of state criminal proceedings, rather than dismiss it without prejudice.

## C.   DE NOVO REVIEW

Defendants' Motion to Dismiss or Stay is based on Federal Rule of Civil Procedure 12(b)(1), which provides for challenges to a court's subject matter jurisdiction. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* When reviewing a factual attack, as in the instant case, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. Because Defendants challenge the facts upon which subject matter jurisdiction depends, the Court must make its own findings of fact. *Id.* The Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

The Court agrees with Judge Mix's conclusion that *Younger* abstention applies in this case. Documents submitted with Defendants' Motion to Dismiss show that a related

Colorado state criminal case is currently pending at the Court of Appeals. *See* (Doc. # 52-4.) Although Plaintiff argues that circumstances of the February 27 stop and arrest— the events he is challenging in the instant case—"do[] not have any relation" to the pending Colorado proceeding (Doc. # 69 at 15), the Court disagrees. It is undisputed that during the February 27 stop, police discovered a felony arrest warrant for Plaintiff that was issued two weeks earlier in relation to the Colorado case. *See* (Doc. # 35 at 18; Doc. # 52-1). It also appears that the February 27 stop and arrest resulted in new or additional charges for violation of bond conditions arising from the Colorado case and a change in bond conditions. *See* (Doc. # 54 at 5; Doc. # 52-1) While new charges relating to the February 27 stop and arrest may have been eventually dismissed, *see* (Doc. # 54 at 49; Doc. # 19 at 4–5), the events of February 27 are nevertheless related to the Colorado case through the outstanding arrest warrant and related bond violation.

The Court also agrees with Judge Mix that the second condition for *Younger* abstention—adequacy of the state forum to resolve Plaintiff's claims—is satisfied in this case. Plaintiff objects that the "state court is not able or willing to solve constitutional matters." (Doc. # 69 at 16.) However, Plaintiff has alleged nothing to support his contention that the ongoing state criminal proceeding is inadequate to resolve his constitutional claims. Instead, he points to the dismissal of some charges arising out of the February 27 stop and arrest as proof that he was denied a forum to argue his claims. *See* (Doc. # 54 at 17, 19.) The Court agrees that Plaintiff had the opportunity to raise his constitutional claims in state court and continues to have that opportunity in his pending appeal. *See Kuglar v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a

pending state prosecution provides the accused a fair and sufficient opportunity for a vindication of federal constitutional rights."); *Robb v. Connolly*, 111 U.S. 624, 637 (1884) (noting that state courts have the obligation "to guard, enforce, and protect every right granted or secured by the constitution of the United States").

The third condition of *Younger* abstention is undisputed: the state of Colorado undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in its state courts. (Doc. # 52 at 7; Doc. # 54 at 19); *see In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) (describing state control over criminal justice as "a lynchpin in the unique balance of interests" of federalism (citing *Younger*, 401 U.S. at 44)). All three *Younger* conditions are thus met in this case.

*Younger* teaches that exceptions to the abstention doctrine should be found only under extraordinary circumstances, where the threat of irreparable injury to the plaintiff's federally protected rights is "both great and immediate." *Younger*, 401 U.S. at 45. A plaintiff may overcome the presumption of abstention by demonstrating that state officials commenced a prosecution against him in bad faith without hope of obtaining a valid conviction. *See Phelps*, 122 F.3d at 889. In determining whether a prosecutorial bad faith or harassment exception applies, the Court examines (1) whether the prosecution was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions. *Id.* "[I]t is the

plaintiff's heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890 (internal quotation marks omitted).

Applying these principles to the instant case, the Court concludes that Plaintiff has not alleged facts sufficient to prove bad faith or harassment related to his stop and arrest on February 27. Further, Plaintiff does not address in his Objection whether a *Younger* exception applies. Rather than demonstrating multiple, abusive prosecutions with no hope of conviction, the pleadings and other evidence submitted by the parties show one state court prosecution that resulted in a conviction. (Doc. # 52-4; Doc. # 54 at 15.) The Court finds that Plaintiff has failed to demonstrate extraordinary circumstances warranting an exception to *Younger* abstention.

For the foregoing reasons, the Court agrees with Judge Mix's Recommendation that the elements of *Younger* abstention are met in this case, without exception, and Defendants' Motion to Dismiss or Stay (Doc. # 52) should be granted. However, the Court rejects Judge Mix's recommendation to dismiss the case without prejudice. (Doc. # 63 at 16, 18.) Because Plaintiff asserts claims for damages under 28 U.S.C. § 1983, the Court finds that it is more appropriate to stay the case pending the resolution of state criminal proceedings. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("[W]e have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether."); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("[E]ven if the *Younger* doctrine requires abstention here, the District Court has no discretion to dismiss rather

13

than stay claims for monetary relief that cannot be redressed in the state proceeding."); *D.L. v. Unified Sch. Dist., No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("The rationale for *Younger* abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final.").

Lastly, the Court agrees with Judge Mix's recommendation that Plaintiff's Motion to Supplement the Second Amended Complaint (Doc. # 60) should be denied. Federal Rule of Civil Procedure 15(d) provides that upon motion, the court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In his Motion to Supplement, Plaintiff provides additional case law for his argument that a bad faith prosecution exception to *Younger* should apply in this case. (Doc. # 60 at 1.) The Court considered this authority in reviewing Plaintiff's arguments. However, because Plaintiff does not allege any new transaction, occurrence, or event in his Motion to Supplement, the motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

• Plaintiff's Motion to Alter Judgment (Doc. # 70) is GRANTED;

• Both the Order Adopting Recommendation of United States Magistrate Judge (Doc. # 66) and the Final Judgment (Doc. # 67) are VACATED;

• Judge Mix's Recommendation (Doc. # 63) is AFFIRMED as to the recommendation to grant Defendant's Motion to Dismiss or Stay pursuant to *Younger* abstention doctrine and to deny Plaintiff's Motion to Supplement the

Pleadings. Judge Mix's Recommendation is REJECTED with respect to the recommendation to dismiss the case without prejudice.

Accordingly, it is FURTHER ORDERED that

- Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1), Or Alternatively, to Stay Pursuant to the *Younger* Doctrine (Doc. # 52) is GRANTED pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny;

- Plaintiff's Motion to Supplement Pleadings to Amended Complaint (Doc. # 60) is DENIED; and

- this action is STAYED and ADMINISTRATIVELY CLOSED, subject to reopening for good cause after resolution of the underlying state criminal proceedings and any associated appeal or habeas proceedings. The Clerk of the Court is directed to ADMINISTRATIVELY CLOSE the above-referenced civil action for one year, until **November 3, 2022,** at which time this case will be dismissed entirely, unless one or both of the parties file a motion prior to that date, updating the Court on the status of the state court proceedings and requesting that this case remain pending as administratively closed.

IT IS FURTHER ORDERED that if Plaintiff desires to continue with this case after the conclusion of his state appeal, he must submit a written request in this case that the stay be lifted, within thirty (30) days of the completion of the appellate process, unless a

collateral proceeding is sought. If Plaintiff seeks habeas relief to invalidate a conviction

or sentence pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a written request to lift

the stay must be filed within thirty (30) days of the completion of the habeas process

      DATED:  November 4, 2021

                    BY THE COURT:

                    CHRISTINE M. ARGUELLO
                    United States District Judge